FILED
U.S. BANKRUPTCY COURT
EASTERN & WESTERN DISTRICTS
OF ARKANSAS
09/25/26 1:18 pm
LINDA McCORMACK, CLERK
By: MichelleJones
DEPUTY CLERK

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Gary Davis<br>Tracy Davis | **DEFENDANTS** Devin Randy Bryant<br>Natalie Jane Bryant |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known)<br>James O. Wyre II<br>Bankruptcy Professional Center<br>1014 Markham, Ste 3<br>Conway, AR 72032 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to determine non-dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2)(A) based on false pretenses, false representations, and actual fraud; jurisdiction and venue pursuant to 28 U.S.C. §§ 157(b)(2)(I), 1334, 1408, and 1409

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [1] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ 17,859.94 |

Other Relief Sought Award of court costs, reasonable litigation expenses, and such other legal and equitable relief as the Court deems just and proper.

43 pgs - MJ OTC

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR Devin Randy Bryant Natalie Jane Bryant | BANKRUPTCY CASE NO. 4:26-bk-12620 | |
| DISTRICT IN WHICH CASE IS PENDING Eastern District Of Arkansas | DIVISION OFFICE Little Rock | NAME OF JUDGE Phyllis M. Jones |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) Gary Davis Tracy Davis | | |
| DATE 9-25-2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Gary Davis Tracy Davis | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

| | |
|---|---|
| IN RE:<br>**DEVIN RANDY BRYANT** and<br>**NATALIE JANE BRYANT**,<br>Debtors.<br><br>**GARY DAVIS** and **TRACY DAVIS**,<br>Plaintiffs,<br>v.<br>**DEVIN RANDY BRYANT** and<br>**NATALIE JANE BRYANT**,<br>Defendants. | CHAPTER 7<br>BANKRUPTCY CASE NO.: 4:26-bk-12620<br><br><br>ADV. PROC. NO.: _______________ |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**
**(Objection to Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A))**

Comes now the Plaintiffs, Gary Davis and Tracy Davis (hereinafter "Plaintiffs"), proceeding pro se, and for their Complaint against the Defendants/Debtors, Devin Randy Bryant and Natalie Jane Bryant (hereinafter "Defendants"), respectfully represent and state unto this Court as follows:

# I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.
2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) to determine the dischargeability of particular debts under the Bankruptcy Code.
3. Venue is proper in the United States Bankruptcy Court for the Eastern District of Arkansas, Little Rock Division, pursuant to 28 U.S.C. §§ 1408 and 1409, as the underlying main Chapter 7 bankruptcy case is pending in this district.

## II. PARTIES

4. Plaintiffs Gary Davis and Tracy Davis are individual residents of the State of Arkansas and are creditors holding allowed claims in the Defendants' bankruptcy proceedings.
5. Defendants Devin Randy Bryant and Natalie Jane Bryant are individual debtors who filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on June 30, 2026, in the United States Bankruptcy Court for the Eastern District of Arkansas, Little Rock Division

(Case No. 4:26-bk-12620).

## III. STATEMENT OF FACTS

6. On September 19, 2024, in direct reliance upon Defendants' requirement that unencumbered title be established prior to executing the contemplated owner-finance contract, Plaintiffs expended $12,766.67 to pay off the mortgage/lien on a 3-acre parcel owned by their son, Tyler Davis, so that the land could be unencumbered and included in the land parcel conveyed under the agreement.

7. On December 27, 2024, Plaintiffs executed an Owner Finance Contract with BMI Investments, LLC, signed by Defendants Devin Randy Bryant and Natalie Jane Bryant as members and managers of said LLC, for the purchase of residential real property owned by Plaintiffs.

8. Because the loss of the mowing contract occurred on December 21, 2024—six days prior to Defendants executing the Owner Finance Contract on December 27, 2024—Defendants knowingly entered into the financial obligation under false pretenses and with full knowledge that they lacked the promised income stream to satisfy the down payment terms.

9. In reasonable reliance upon Defendants' representations, Plaintiffs agreed on April 18, 2025, to extend the deadline to August 15, 2025, for Defendants to obtain traditional bank financing and pay the full $180,000.00 purchase price. Defendant Devin Bryant accepted this contractual modification on April 21, 2025.

10. Defendants failed to make regular monthly payments as agreed. Following repeated defaults, on July 29, 2025, Plaintiff Tracy Davis contacted Defendants regarding overdue July payments. Defendant Devin Bryant promised payment by August 8, 2025, and stated August payment would follow on August 22, 2025, while acknowledging that commercial lenders required 20% to 30% down payments that Defendants did not possess.

11. On August 9, 2025, Defendant Devin Bryant tendered a single payment for the overdue July 15 installment. No further payments of any kind were ever made to Plaintiffs thereafter.

12. On August 16, 2025, Plaintiffs served Defendants with a formal 30-day notice to vacate the premises.

13. In retaliatory response, on August 28, 2025, Defendant Devin Bryant sent a written demand claiming the property was in poor condition and alleging Defendants had expended $25,000.00 on repairs.

14. On September 10, 2025, Plaintiffs' legal counsel, A. Chord Cantrell of Cantrell Law Firm, PLLC, issued a formal response denying Defendants' demands and serving a three-day notice to quit possession. On September 12, 2025, Defendant Devin Bryant replied, contradicting his prior written statement by now asserting $36,000.00 in alleged repairs.

15. In September 2025, despite claiming severe financial hardship and withholding all housing/rent payments from Plaintiffs, Defendants purchased a new mobile home valued at

approximately $200,000.00.

16. Throughout September and October 2025, Defendants occupied their new mobile home at night while unlawfully continuing to use Plaintiffs' real property as rent-free storage without compensation to Plaintiffs.

17. On October 10, 2025, after being notified by neighbors of extreme property neglect, Plaintiffs received authorization from the Cleburne County Sheriff's Office to mow the lawn. When Plaintiffs mowed the lawn on October 11, 2025, Defendant Devin Bryant falsely reported Plaintiffs to law enforcement for harassment.

18. On October 19, 2025, Defendants posted a "No Trespassing" sign on Plaintiffs' home. On October 24, 2025, Plaintiffs instructed Defendants via Ring doorbell camera to cease unauthorized storage. On October 25, 2025, Defendants finally vacated and removed the remainder of their belongings, leaving the premises unlocked.

19. On April 14, 2026, the District Court of Cleburne County, Arkansas, rendered a final money judgment in favor of Plaintiffs against Defendants for three months of unpaid rent plus late fees including interest at the rate of 5.75% per annum.

20. On June 30, 2026, Defendants filed their Chapter 7 bankruptcy petition. Defendants' business entity, BMI Investments, LLC, was not included in the bankruptcy filing.

## IV. COUNT I: OBJECTION TO DISCHARGEABILITY OF DEBT

(11 U.S.C. § 523(A)(2)(A) FRAUD/FALSE REPRESENTATIONS)

21. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 20 as though fully set forth herein.

22. Pursuant to 11 U.S.C. § 523(a)(2)(A), a discharge under Section 727 of the Bankruptcy Code does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud.

23. Defendants obtained possession, occupancy, and extended credit/use of Plaintiffs' residential property through deliberate misrepresentations and false pretenses regarding their financial ability and intention to make contractual payments and down payments.

24. Defendants knowingly executed the purchase agreement after losing the vital commercial contract relied upon for financing, and subsequently induced Plaintiffs to grant a four-month extension under false promises of securing bank financing.

25. Defendants acted with actual fraudulent intent, withholding all rent and occupancy payments while surreptitiously acquiring a separate $200,000.00 property and utilizing Plaintiffs' home as free storage.

26. Plaintiffs justifiably relied on Defendants' misrepresentations to their direct financial detriment, suffering actual out-of-pocket loss of $12,766.67 incurred to clear title to the 3-acre parcel as required by Defendants, as well as the damages memorialized in the money judgment

awarded by the District Court of Cleburne County, Arkansas.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Gary Davis and Tracy Davis respectfully request that this Honorable Court enter judgment against Defendants Devin Randy Bryant and Natalie Jane Bryant as follows:

A. Determining and declaring that the total debt owed by Defendants to Plaintiffs—comprising the $12,766.67 expended in direct reliance on Defendants' contractual pre-conditions and representations, as well as the Judgment of the District Court of Cleburne County, Arkansas (including three months unpaid rent, late fees, interest, and costs)—is NONDISCHARGEABLE pursuant to 11 U.S.C. § 523(a)(2)(A);

B. Awarding Plaintiffs their court costs and reasonable litigation expenses incurred in bringing this action; and

C. Granting Plaintiffs such other and further relief, both at law and in equity, as this Court deems just, proper, and equitable.

Dated this 25th day of September, 2026.

Respectfully submitted,


| | |
|---|---|
| GARY DAVIS, Plaintiff Pro Se | TRACY DAVIS, Plaintiff Pro Se |
| Address: 74 Bryce Ln<br>Rose Bud, AR 72137 | Address: 74 Bryce Ln<br>Rose Bud, AR 72137 |
| Phone: (501)206-8877<br>Email: gdavis9269@yahoo.com | Phone: (501)281-6147<br>Email: tracyrdavis13@gmail.com |

# EXHIBIT A

## DISTRICT COURT OF CLEBURNE COUNTY, ARKANSAS

### Final Money Judgment

*(Dated April 14, 2026)*

Type: LAND RECORDS Fee: $15.00 1 of 1
Rec: 05/05/2026 02:56:24 PM | M. SHAFER
Kind: FOREIGN JUDGMENT
WHITE COUNTY, AR
SARA CARLTON, CIRCUIT CLERK
File # **L2026-5910**

FILED
Judge / Clerk
APR 14 2026
District Court of Cleburne County
Heber Springs Arkansas
Cleburne County Arkansas

# IN THE DISTRICT COURT OF CLEBURNE COUNTY, ARKANSAS

**GARY D DAVIS AND TRACY R DAVIS** **PLAINTIFFS**

**CASE NO. SC-26-1**

**DEVIN BRYANT AND NATALIE BRYANT** **DEFENDANTS**

## JUDGMENT

On this 14th day of April, 2026 this matter came before the Court on the request of the Plaintiff. Defendants have failed to appear in this action. A Judgment is entered in favor of the Plaintiffs, Gary D. Davis and Tracy R. Davis, in the amount of $4,965.00 (Four Thousand Nine Hundred Sixty Five Dollars and Zero Cents) which amount shall bear interest at the rate of 5.75% interest per annum from this date until paid, against the Defendants, Devin Bryant and Natalie Bryant.

For all of which garnishment may issue; further, Defendants shall prepare a schedule, verified by affidavit, of all property, both real and personal, including moneys, bank accounts, rights, credits and chooses in action held by themselves or others and specify the particular property which they claim as exempt under the provision of the law within forty-five (45) days of entry of this final judgment herein.

WHITE COUNTY, AR
I CERTIFY THIS INSTRUMENT WAS FILED ON
05/05/2026 02:56:24 PM
AND RECORDED IN REAL ESTATE
FILE NUMBER L2026-5910
SARA CARLTON, CIRCUIT CLERK
Sara B Carlton

**IT IS SO ORDERED.**

Lance Wright
**District Court Judge**

4/14/26
**Date**

TRUE AND CORRECT COPY
OF DOCUMENT ON FILE
Carrie Smith, dc
District Court of Cleburne County Clerk
Date 4-30-2026

CLEBURNE COUNTY DISTRICT COURT
COURT SEAL
HEBER SPRINGS, AR

Exhibit A

# EXHIBIT B

## OUT-OF-POCKET RELIANCE EXPENDITURE

## Payoff Receipt & Proof of Deed Transfer

## *(3-Acre Parcel – Tyler Davis)*

Payment Date: September 19, 2024

Amount: $12,766.67

PRINT CHECK IMAGE

**CHECKING**
**TRANSACTION TICKET**
CBAR-5030A Rev. 3/22

Date: 9-19-24 Customer Name: Gary D Davis

| DEBIT | CREDIT |
| --- | --- |
| (51) FORCE PAY DEBIT<br>(52) ACCOUNT CLOSE OUT<br>(55) DEBIT MEMO | (05) CREDIT MEMO<br>(36) DEPOSIT |
| Payoff loan # [redacted]4386 Tyler Davis | |

Prepared By: B. S

Approved By: ELove

Cash In:

Less Cash:

Signature

51 $ 12766.67

⑆5020⑈0275⑆ [redacted]1949⑈ 51

0736 073600000150600>082902757< 091924
GARY D DAVIS
USCK 1120 002 00021 09/19/24 9:31 AM
Checking
Check Amount: $12,766.67

Exhibit B - Page 1 of 3

Parcel: 001-04924-008
As of: 9/24/2026 12:10:58 AM

# Cleburne County Report

## Property Owner

| | |
|---|---|
| **Name:** | DAVIS, GARY & TRACY |
| **Mailing Address:** | 9 BROOKWOOD DR<br>SEARCY, AR 72143 |
| **Type:** | (AV) Agri Use/Vacant |
| **Tax District:** | (352) ROSEBUD |
| **Millage Rate:** | 44.40 |

## Property Information

| | |
|---|---|
| **Physical Address:** | 76 BRYCE LN |
| **Subdivision:** | 22-09-10 |
| **Block/Lot:** | N/A / N/A |
| **S-T-R:** | 22-09-10 |
| **Size (Acres):** | 3.00 |
| **Legal:** | See *Extended Legal* |

## Extended Legal

A PART OF THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER (SE1/4 NE1/4) OF SECTION TWENTY-TWO (22), TOWNSHIP NINE (9) NORTH, RANGE TEN (10) WEST, CLEBURNE COUNTY, ARKANSAS, MORE PARTICULARLY DESCRIBED AS COMMENCING AT AN IRON PIN FOR THE NORTHEAST CORNER OF SAID SE1/4 NE1/4; THENCE ALONG THE EAST BOUNDARY OF SAID SE1/4 NE1/4, S 02°01'32" E 536.32 FEET TO AN IRON PIN, SAID POINT BEING THE POINT OF BEGINNING; THENCE CONTINUING, S 02°01'82" E 128.00 FEET TO AN IRON PIN ON THE SOUTH BOUNDARY OF A TRACT DESCRIBED IN DEED BOOK 502, PAGES 751-752 IN THE DEED RECORDS OF CLEBURNE COUNTY; THENCE ALONG SAID SOUTH
BOUNDARY, S 88°30'39" W 833.55 FEET TO AN IRON PIN; THENCE LEAVING SAID SOUTH BOUNDARY, N 01°54'03" W 167.15 FEET TO AN IRON PIN; THENCE N 88°30'39" E 390.00 FEET; THENCE S 86°26'41" E 445.27 FEET TO THE POINT OF BEGINNING, CONTAINING 3.00 ACRES, MORE OR LESS. SUBJECT TO ANY AND ALL EASEMENTS OR RESTRICTIONS OF OR NOT OF RECORD.
ALSO,
A TWENTY (20) FOOT WIDE ACCESS EASEMENT, BEING A PART OF THE NORTHEAST QUARTER OF THE NORTHEAST QUARTER (NE1/4 NE1/4) AND A PART OF THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER (SE1/4 NE1/4) OF SECTION TWENTY-TWO (22), TOWNSHIP NINE (9) NORTH, RANGE TEN (10) WEST, CLEBURNE COUNTY, ARKANSAS, IN WHICH THE CENTERLINE OF SAID EASEMENT IS MORE PARTICULARLY DESCRIBED AS COMMENCING AT A CREOSOTE POST FOR THE NORTHEAST CORNER OF SAID NE1/4 NE1/4; THENCE ALONG THE EAST BOUNDARY OF SAID NE1/4 NE1/4, S 02°01'32" E 874.73 FEET TO THE NORTHEAST CORNER OF A TRACT AS DESCRIBED IN DEED BOOK 502, PAGES 751-752 IN THE DEED RECORDS OF CLEBURNE COUNTY, ARKANSAS; THENCE ALONG THE NORTH BOUNDARY OF SAID TRACT, S 84°13'48" W 488.06 FEET TO THE CENTERLINE OF SAID EASEMENT, SAID POINT BEING THE POINT OF BEGINNING; THENCE ALONG THE CENTERLINE OF AN EXISTING DRIVE THE FOLLOWING BEARINGS AND DISTANCES: S 02° 42'37" E 123.29 FEET; THENCE S 02°58'10" W 85.87 FEET; THENCE S 05°50'41" E 45.74 FEET; THENCE S 09°05'33" E 166.32 FEET; THENCE S 19°59'58" W
39.37 FEET; THENCE S 72°18'55" W 53.21 FEET; THENCE S 60°46'13" W 24.10 FEET; THENCE S 27°58'27" W 30.76 FEET; THENCE S 08°26'45" W 410.77 FEET TO THE NORTH BOUNDARY OF THE ABOVE DESCRIBED TRACT AND THE POINT OF TERMINUS.

Exhibit B- Page 2 of 3.

## Market and Assessed Values

| | Estimated Market Value | Full Assessed (20% Market Value) | Taxable Value |
|---|---|---|---|
| **Land** | 415 | 83 | 83 |
| **Building** | 0 | 0 | 0 |
| **Totals** | **415** | **83** | **83** |

## Taxes

| | |
|---|---|
| **Estimated Taxes:** | 4 |
| **Homestead Credit:** | 0 Note: Tax amounts are estimates only. Contact the county/parish tax collector for exact amounts. |

**Status:** (N) - No Adj

## Special Assessments

| Assessment | Tax Amount |
|---|---|
| TIMBER TAX | $0.40 |
| | **Total $0.40** |

**Note:** Due to rounding errors, please contact the Tax Collector for the exact taxes owed. 501-362-8145

## Land

| Land Use | Size | Units |
|---|---|---|
| Timber(05) | 1.500 | Acres |
| Pasture(05) | 0.800 | Acres |
| Timber(09) | 0.700 | Acres |
| **Total** | **3.00** | |

## Deed Transfers

| Deed Date | File Date | Book | Page | Instrument | Deed Type | Stamps | Est. Sale | Grantee | Code | Type |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/23/2024 | 10/24/2024 | N/A | N/A | 202405763 | Warr. Deed | N/A | N/A | DAVIS, GARY & TRACY | N/A | Land Only |
| 7/27/2021 | 7/30/2021 | N/A | N/A | 202105878 | Warr. Deed | 59.40 | $18,000 | DAVIS, TYLER JORDAN | Unval. | Land Only |
| 2/6/2009 | N/A | N/A | 200901165 | N/A | Warr. Deed | 26.40 | $8,000 | NEWCOM, TIM J | Unval. | Land Only |

Exhibit B- Page 3 of 3

# EXHIBIT C

## OWNER FINANCE CONTRACT with

## Amortization Calculator

Signed on December 27, 2024

# REAL ESTATE SALES CONTRACT

**KNOW ALL MEN BY THESE PRESENTS:**

**This memorandum of agreement between Gary Davis and Tracy Davis hereinafter referred to as "SELLER" and BMI Investments, LLC, hereinafter referred to as "BUYER".**

**WITNESSETH:**

**1. SELLER agrees to sell, and BUYER agrees to purchase the following described real property located in the County of Cleburne State of Arkansas, to-wit:**

**"SEE EXHIBIT A**

**2.That the purchase price of said real estate is One Hundred Eighty Thousand and No/100ths Dollars ($180,000.00) with Thirty thousand Dollars ($30,000.00) down payment paid on or before May 15, 2025. The buyer has possession of the property and has since September they have made Four payments of $1,500.00 which equals $6,000.00. The remaining balance of One Hundred Forty-Four and No/100ths Dollars ($144,000.00) will carry interest of 6.75% per annum and be payable in 180 equal successive monthly installments of $1,274..27 with the first payment commencing on January 15, 2025 and continuing on the 15th day of each successive month thereafter until a total of 180 payments. There will be a Hundred-dollar ($100.00) late fee if the payment is not paid on or before the 25th of the month. That these payments will be made at 9 Brookwood Drive, Searcy, AR 72143**

3. That **BUYER reserves the right to refinance this transaction and pay SELLER the full purchase price without penalty.**

**4. The BUYER will be responsible for all real estate property taxes for the year 2025 and thereafter. SELLER agrees to send the tax statement to the BUYER upon receipt. BUYER agrees to pay the real property taxes due to SELLER on or before September 1st of each year.**

5. BUYER agree to purchase and maintain fire and casualty insurance must be a replacement Cost Insurance Policy from a reputable insurance company by January 15, 2025, for the benefit of the seller in an amount of at least $100,000. A copy of the declarations page of said policy must be provided to the Sellers The insurance loss payee clause should state as follows: Centennial Bank as mortgagee and Gary and Tracy Davis as loss payee.

6. BUYER shall already have possession of the premises based on prior agreements.

7. SELLER agrees that upon final payment to them of the sums above mentioned, they will execute and deliver to BUYER a Warranty Deed conveying to BUYER their heirs and assigns, the above-described property. No loans or liens can be added to the property by the seller once this contract is in place. The current loan with Centennial Bank shall be paid off at its current maturity date of September 22, 2029, and not extended or refinanced in any way.

8. BUYER agrees to maintain the property in good repair, ordinary wear and tear accepted and not permit any nuisance to be maintained thereon. BUYER further agrees to use the property at will so long as it is abiding by all local and state laws.

9. In the event BUYER should fail to make any installment payment within Ninety (90) days of the due date or if the $30,000.00 down payment is not paid by May 15, 2025, then their right to occupy the premises shall at the option of SELLER, immediately cease. SELLER and BUYER agree that after proper notice the SELLER shall be allowed to obtain an order from the court evicting the BUYER without hearing. That such actions on the part of BUYER will constitute a breach of this contract and SELLER shall retain all payments made heretofore as rent and liquidated damages. That failure to exercise any option given SELLER shall not be deemed a waiver thereof, nor a waiver of any right to collect the installment payments or require repairs to the premises if such be incumbent on BUYER.

10. This contract is assignable, and BUYER may lease these premises without the written consent of SELLER.

11. Should SELLER be required to retain an Attorney to represent itself, in the enforcement of this contract, then BUYER agrees to pay SELLER a reasonable Attorney fee.

12. BUYER acknowledges that SELLER recommended BUYER have an attorney review this contract and BUYER waived this right.

## ACKNOWLEDGMENT

**STATE OF ARKANSAS**
**COUNTY OF** White

**On this** 27th **day of** December **2024, before me the undersigned officer, personally appeared** Gary Davis **known to me to be the persons whose names are subscribed to the within instrument and acknowledged that they executed the same for the consideration and purposes therein contained.**

**WITNESS my hand and official seal this** 27th **day of** Dec **2024**

Rebekah Q
**Notary Public**

**My Commission Expires:** 08-02-2029

**(seal)**

REBEKAH QUINN Comm. No. 12708360 NOTARY PUBLIC My Comm. Exp. 08-02-2029 WHITE CO., ARKANSAS

## ACKNOWLEDGMENT

**STATE OF ARKANSAS**
**COUNTY OF** White

**On this** 27th **day of** December**, 2024, before me the undersigned officer, personally appeared** Tracy Davis **known to me to be the persons whose names are subscribed to the within instrument and acknowledged that they executed the same for the consideration and purposes therein contained.**

**WITNESS my hand and official seal this** 27th **day of** Dec **2024**

Rebekah Q
**Notary Public**

**My Commission Expires:** 08-02-2029

**(seal)**

REBEKAH QUINN Comm. No. 12708360 NOTARY PUBLIC My Comm. Exp. 08-02-2029 WHITE CO., ARKANSAS

Exhibit C- Page 3 of 16

**13. This agreement shall be governed by the laws of the State of Arkansas.**

**WITNESS our hands and seals this** 27th **day of** Dec**, 2024.**

**Gary Daivs**

**Tracy Davis**

**BMI Investments, LLC**

**Devin Bryant, Member**

**Natalie Bryant, Member**

Exhibit C-Page 4 of 16

## ACKNOWLEDGMENT

**STATE OF ARKANSAS**
**COUNTY OF** White

**On this the 27th day of December 2024, before me, Devin Bryant, a Notary Public, duly commissioned, qualified and acting, within and for said county and State, appeared in person the within named Devin Bryant, being the person authorized by said limited liability company, to execute such instrument, stating their respective capacities in that behalf, to me personally well-known or satisfactorily proven to be such person, who state that he/she/they was/were the manager of BMI Investments, LLC, a limited liability company, and was duly authorized in his/her/their respective capacity to execute the foregoing instrument for and in the name and behalf of said limited liability company, and further stated and acknowledged that he/she/they had so signed, executed and delivered said foregoing instrument for the consideration, uses, and purposes therein mentioned and set forth.**

[signature]
**Notary Public**

**My Commission Expires:** 08-02-2029

REBEKAH QUINN Comm. No. 12708360 NOTARY PUBLIC My Comm. Exp. 08-02-2029 WHITE CO., ARKANSAS

**(seal)**

## ACKNOWLEDGMENT

**STATE OF ARKANSAS**
**COUNTY OF** White

**On this the 27th day of December, 2024, before me, Natalie Bryant, a Notary Public, duly commissioned, qualified and acting, within and for said county and State, appeared in person the within named Nataile Bryant, being the person authorized by said limited liability company, to execute such instrument, stating their respective capacities in that behalf, to me personally well-known or satisfactorily proven to be such person, who state that he/she/they was/were the manager of BMI Investments, LLC, a limited liability company, and was duly authorized in his/her/their respective capacity to execute the foregoing instrument for and in the name and behalf of said limited liability company, and further stated and acknowledged that he/she/they had so signed, executed and delivered said foregoing instrument for the consideration, uses, and purposes therein mentioned and set forth.**

[signature]
**Notary Public**

**My Commission Expires:** 08-02-2029

REBEKAH QUINN Comm. No. 12708360 NOTARY PUBLIC My Comm. Exp. 08-02-2029 WHITE CO., ARKANSAS

**(seal)**

Exhibit C - Page 5 of 16

**DESCRIPTION OF TRACT 1**

A part of the NE1/4 of the NE1/4 and a part of SE1/4 of the NE1/4 of Section 22, T-9-N, R-10-W, Cleburne County, Arkansas, being more particularly described as follows: **Beginning** at the SE corner of said NE1/4 NE1/4, thence N 00°56'07" E along the East line of said NE1/4 NE1/4 a distance of 203.16'; thence leaving said East line S 87°11'32" W a distance of 447.81'; thence N 00°56'07" E a distance of 249.48'; thence S 87°11'27" W a distance of 85.93'; thence S 03°14'43" E a distance of 229.08'; thence continue S 03°14'43" E a distance of 100.00'; thence S 84°35'22" W a distance of 250.22'; thence N 00°43'58" E a distance of 99.31'; thence S 87°11'06" W a distance of 230.27'; thence S 00°44'08" W a distance of 140.00'; thence S 87°44'28" E a distance of 155.06'; thence S 01°02'35" W a distance of 658.92'; thence S 88°33'32" E a distance of 833.55' to a point in the East line of said SE1/4 NE1/4; thence N 00°54'16" E a distance of 663.69' to the **Point of Beginning**, containing 16.47 acres, more or less.

Exhibit C-Page 6 of 16

# PROMISSORY NOTE

**$144,000.00** **27th day of Dec, 2024**

**FOR VALUE RECEIVED,** the undersigned, BMI Investments, LLC the "Borrower") promises to pay to the order of Gary Davis and Tracy Davis ("Payee"), the principal sum of One hundred forty-four thousand, five hundred and 00/100ths Dollars ($144,500.00). Provided that no event of default exists hereunder, this Promissory Note shall bear interest from the date of this Promissory Note at the rate of Seven percent (6.75%) per annum. In the event of a default hereunder, this Promissory Note shall bear interest at the maximum rate of interest allowable under the laws of the State of Arkansas. This Promissory Note shall become due and payable, as follows:

One Thousand Two Hundred Seven-Four Dollars and 27/100th ($1,274.27) on the 15th of every month for 180 months the final payment in the amount of One Thousand Two Hundred Seven-Four and 27/100th dollars ($1,274.27). Will be paid out as follows:

> 180 monthly payments of $1,274.27 beginning January 15, 2025, and continuing monthly thereafter with the final installment of $1,274.27 due on or before December 15th 2039. (See Amortization Schedule attached hereto.)

If any time any payment under this Promissory Note becomes more than Ninety (90) days past due, the Payee or holder of this Promissory Note shall have the right and option to declare the entire unpaid balance of principal and interest due and owing hereunder to be immediately due and payable.

If this obligation, after default, is placed in the hands of an attorney for collection, the Borrower will be obligated to pay the Payee or the holder hereof an additional sum as an attorney's fee, not to exceed ten percent (10%) of the unpaid principal plus all accrued interest together with all costs and expenses of collection.

Any notices required to be given hereunder shall be deemed effective if made to the following addresses:

BMI Investments, LLC
1614 E Booth Road
Searcy. AR 72143

Gary Davis and Tracy Daivs
9 Brookwood Drive
Searcy, AR 72143

Any party to this Promissory Note may change their respective address for notice by the giving of written notice to each party.

The loan evidenced by this Promissory Note was negotiated and consummated in the State of Arkansas and it is understood and agreed that the legality, enforceability, and construction hereof shall be governed by the Arkansas law, and to the extent applicable, the laws of the United State of America.

This Promissory Note can be pre-paid in whole or the party at any time without penalty.

LIEN HOLDERS:

Gary Davis

Tracy Davis

BORROWERS:
BMI Investments, LLC

By: Devin Bryant, Member

By: Natalie Bryant, Member

**ACKNOWLEDGMENT**

**STATE OF ARKANSAS**
**COUNTY OF** White

**On this** 27th **day of** Dec**, 2024, before me the undersigned officer, personally appeared** Gary Davis **known to me to be the persons whose names are subscribed to the within instrument and acknowledged that they executed the same for the consideration and purposes therein contained.**

**WITNESS my hand and official seal this** 27th **day of** Dec **2024**

**Notary Public**

**My Commission Expires:** 08-02-2029

REBEKAH QUINN
Comm. No. 12708360
NOTARY PUBLIC
My Comm. Exp. 08-02-2029
WHITE CO., ARKANSAS

**(seal)**

Exhibit C - Page 8 of 16

## ACKNOWLEDGMENT

STATE OF ARKANSAS
COUNTY OF White

On this 27th day of Dec, 2024, before me the undersigned officer, personally appeared Gary Davis known to me to be the persons whose names are subscribed to the within instrument and acknowledged that they executed the same for the consideration and purposes therein contained.

WITNESS my hand and official seal this 27th day of Dec 2024.

Notary Public

My Commission Expires: 08-02-2029

REBEKAH QUINN
Comm. No. 12708360
NOTARY PUBLIC
My Comm. Exp. 08-02-2029
WHITE CO., ARKANSAS

(seal)

## ACKNOWLEDGMENT

STATE OF ARKANSAS
COUNTY OF White

On this 27th day of Dec, 2024, before me the undersigned officer, personally appeared Tracy Davis known to me to be the person whose names are subscribed to the within instrument and acknowledged that they executed the same for the consideration and purposes therein contained.

WITNESS my hand and official seal this 27th day of Dec 2024

Notary Public

My Commission Expires: 08-02-2029

REBEKAH QUINN
Comm. No. 12708360
NOTARY PUBLIC
My Comm. Exp. 08-02-2029
WHITE CO., ARKANSAS

(seal)

Exhibit C - Page 9 of 16

## ACKNOWLEDGMENT

STATE OF ARKANSAS
COUNTY OF White

On this the 27th day of December 2024, before me, Rebekah Quinn, a Notary Public, duly commissioned, qualified and acting, within and for said county and State, appeared in person the within named **Devin Bryant,** being the person authorized by said limited liability company, to execute such instrument, stating their respective capacities in that behalf, to me personally well-known or satisfactorily proven to be such person, who state that he/she/they was/were the manager of DMI Investments, LLC, a limited liability company, and was duly authorized in his/her/their respective capacity to execute the foregoing instrument for and in the name and behalf of said limited liability company, and further stated and acknowledged that he/she/they had so signed, executed and delivered said foregoing instrument for the consideration, uses, and purposes therein mentioned and set forth.

Rebekah Quinn
Notary Public

My commission expires:
08-02-2029

REBEKAH QUINN
Comm. No. 12708360
NOTARY PUBLIC
My Comm. Exp. 08-02-2029
WHITE CO., ARKANSAS

## ACKNOWLEDGMENT

STATE OF ARKANSAS
COUNTY OF White

On this the 27th day of December 2024, before me, Rebekah Quinn, a Notary Public, duly commissioned, qualified and acting, within and for said county and State, appeared in person the within named **Natalie Bryant,** being the person authorized by said limited liability company, to execute such instrument, stating their respective capacities in that behalf, to me personally well-known or satisfactorily proven to be such person, who state that he/she/they was/were the manager of DMI Investments, LLC, a limited liability company, and was duly authorized in his/her/their respective capacity to execute the foregoing instrument for and in the name and behalf of said limited liability company, and further stated and acknowledged that he/she/they had so signed, executed and delivered said foregoing instrument for the consideration, uses, and purposes therein mentioned and set forth.

Rebekah Quinn
Notary Public

REBEKAH QUINN
Comm. No. 12708360
NOTARY PUBLIC
My Comm. Exp. 08-02-2029
WHITE CO., ARKANSAS

My commission expires:
08-02-2029

# Amortization Calculator

| | |
|---|---|
| Loan amount | 144,000.00 |
| Loan term | 15 years / 0 months |
| Interest rate | 6.75 |

☐ **Optional: make extra payments**

Calculate Clear

Monthly Pay: $1,274.27




| | |
|---|---|
| Total of 180 monthly payments | $229,368.53 |
| Total interest | $85,368.53 |

## Amortization schedule

**Annual Schedule** **Monthly Schedule**

| Month | Interest | Principal | Ending Balance |
|---|---|---|---|
| 1 | $810.00 | $464.27 | $143,535.73 |
| 2 | $807.39 | $466.88 | $143,068.85 |
| 3 | $804.76 | $469.51 | $142,599.34 |
| 4 | $802.12 | $472.15 | $142,127.19 |
| 5 | $799.47 | $474.80 | $141,652.39 |
| 6 | $796.79 | $477.47 | $141,174.91 |
| 7 | $794.11 | $480.16 | $140,694.75 |
| 8 | $791.41 | $482.86 | $140,211.89 |
| 9 | $788.69 | $485.58 | $139,726.31 |
| 10 | $785.96 | $488.31 | $139,238.01 |
| 11 | $783.21 | $491.06 | $138,746.95 |
| 12 | $780.45 | $493.82 | $138,253.13 |
| | End of year 1 | | |
| 13 | $777.67 | $496.60 | $137,756.54 |
| 14 | $774.88 | $499.39 | $137,257.15 |
| 15 | $772.07 | $502.20 | $136,754.95 |
| 16 | $769.25 | $505.02 | $136,249.93 |
| 17 | $766.41 | $507.86 | $135,742.06 |
| 18 | $763.55 | $510.72 | $135,231.34 |
| 19 | $760.68 | $513.59 | $134,717.75 |
| 20 | $757.79 | $516.48 | $134,201.27 |
| 21 | $754.88 | $519.39 | $133,681.88 |




Exhibit C - Page 11 of 16

| | | | |
|---|---|---|---|
| 22 | $751.96 | $522.31 | $133,159.57 |
| 23 | $749.02 | $525.25 | $132,634.32 |
| 24 | $746.07 | $528.20 | $132,106.12 |
| End of year 2 | | | |
| 25 | $743.10 | $531.17 | $131,574.95 |
| 26 | $740.11 | $534.16 | $131,040.79 |
| 27 | $737.10 | $537.17 | $130,503.62 |
| 28 | $734.08 | $540.19 | $129,963.43 |
| 29 | $731.04 | $543.23 | $129,420.21 |
| 30 | $727.99 | $546.28 | $128,873.93 |
| 31 | $724.92 | $549.35 | $128,324.57 |
| 32 | $721.83 | $552.44 | $127,772.13 |
| 33 | $718.72 | $555.55 | $127,216.58 |
| 34 | $715.59 | $558.68 | $126,657.90 |
| 35 | $712.45 | $561.82 | $126,096.08 |
| 36 | $709.29 | $564.98 | $125,531.11 |
| End of year 3 | | | |
| 37 | $706.11 | $568.16 | $124,962.95 |
| 38 | $702.92 | $571.35 | $124,391.59 |
| 39 | $699.70 | $574.57 | $123,817.03 |
| 40 | $696.47 | $577.80 | $123,239.23 |
| 41 | $693.22 | $581.05 | $122,658.18 |
| 42 | $689.95 | $584.32 | $122,073.86 |
| 43 | $686.67 | $587.60 | $121,486.26 |
| 44 | $683.36 | $590.91 | $120,895.35 |
| 45 | $680.04 | $594.23 | $120,301.12 |
| 46 | $676.69 | $597.58 | $119,703.54 |
| 47 | $673.33 | $600.94 | $119,102.60 |
| 48 | $669.95 | $604.32 | $118,498.29 |
| End of year 4 | | | |
| 49 | $666.55 | $607.72 | $117,890.57 |
| 50 | $663.13 | $611.14 | $117,279.43 |
| 51 | $659.70 | $614.57 | $116,664.86 |
| 52 | $656.24 | $618.03 | $116,046.83 |
| 53 | $652.76 | $621.51 | $115,425.32 |
| 54 | $649.27 | $625.00 | $114,800.32 |
| 55 | $645.75 | $628.52 | $114,171.80 |
| 56 | $642.22 | $632.05 | $113,539.75 |

| | | | |
|---|---|---|---|
| 58 | $635.09 | $639.18 | $112,264.96 |
| 59 | $631.49 | $642.78 | $111,622.18 |
| 60 | $627.87 | $646.39 | $110,975.79 |
| End of year 5 | | | |
| 61 | $624.24 | $650.03 | $110,325.75 |
| 62 | $620.58 | $653.69 | $109,672.07 |
| 63 | $616.91 | $657.36 | $109,014.70 |
| 64 | $613.21 | $661.06 | $108,353.64 |
| 65 | $609.49 | $664.78 | $107,688.86 |
| 66 | $605.75 | $668.52 | $107,020.34 |
| 67 | $601.99 | $672.28 | $106,348.06 |
| 68 | $598.21 | $676.06 | $105,672.00 |
| 69 | $594.40 | $679.86 | $104,992.13 |
| 70 | $590.58 | $683.69 | $104,308.45 |
| 71 | $586.74 | $687.53 | $103,620.91 |
| 72 | $582.87 | $691.40 | $102,929.51 |
| End of year 6 | | | |
| 73 | $578.98 | $695.29 | $102,234.22 |
| 74 | $575.07 | $699.20 | $101,535.02 |
| 75 | $571.13 | $703.14 | $100,831.88 |
| 76 | $567.18 | $707.09 | $100,124.79 |
| 77 | $563.20 | $711.07 | $99,413.72 |
| 78 | $559.20 | $715.07 | $98,698.65 |
| 79 | $555.18 | $719.09 | $97,979.56 |
| 80 | $551.14 | $723.13 | $97,256.43 |
| 81 | $547.07 | $727.20 | $96,529.23 |
| 82 | $542.98 | $731.29 | $95,797.94 |
| 83 | $538.86 | $735.41 | $95,062.53 |
| 84 | $534.73 | $739.54 | $94,322.99 |
| End of year 7 | | | |
| 85 | $530.57 | $743.70 | $93,579.28 |
| 86 | $526.38 | $747.89 | $92,831.40 |
| 87 | $522.18 | $752.09 | $92,079.30 |
| 88 | $517.95 | $756.32 | $91,322.98 |
| 89 | $513.69 | $760.58 | $90,562.40 |
| 90 | $509.41 | $764.86 | $89,797.55 |
| 91 | $505.11 | $769.16 | $89,028.39 |
| 92 | $500.78 | $773.48 | $88,254.90 |

Exhibit C - Page 13 of 16

| | | | |
|---|---|---|---|
| 94 | $492.06 | $782.21 | $86,694.86 |
| 95 | $487.66 | $786.61 | $85,908.25 |
| 96 | $483.23 | $791.04 | $85,117.21 |
| End of year 8 | | | |
| 97 | $478.78 | $795.49 | $84,321.72 |
| 98 | $474.31 | $799.96 | $83,521.76 |
| 99 | $469.81 | $804.46 | $82,717.30 |
| 100 | $465.28 | $808.98 | $81,908.32 |
| 101 | $460.73 | $813.54 | $81,094.78 |
| 102 | $456.16 | $818.11 | $80,276.67 |
| 103 | $451.56 | $822.71 | $79,453.96 |
| 104 | $446.93 | $827.34 | $78,626.62 |
| 105 | $442.27 | $831.99 | $77,794.62 |
| 106 | $437.59 | $836.67 | $76,957.95 |
| 107 | $432.89 | $841.38 | $76,116.57 |
| 108 | $428.16 | $846.11 | $75,270.45 |
| End of year 9 | | | |
| 109 | $423.40 | $850.87 | $74,419.58 |
| 110 | $418.61 | $855.66 | $73,563.92 |
| 111 | $413.80 | $860.47 | $72,703.45 |
| 112 | $408.96 | $865.31 | $71,838.14 |
| 113 | $404.09 | $870.18 | $70,967.96 |
| 114 | $399.19 | $875.07 | $70,092.88 |
| 115 | $394.27 | $880.00 | $69,212.88 |
| 116 | $389.32 | $884.95 | $68,327.94 |
| 117 | $384.34 | $889.92 | $67,438.01 |
| 118 | $379.34 | $894.93 | $66,543.08 |
| 119 | $374.30 | $899.96 | $65,643.12 |
| 120 | $369.24 | $905.03 | $64,738.09 |
| End of year 10 | | | |
| 121 | $364.15 | $910.12 | $63,827.97 |
| 122 | $359.03 | $915.24 | $62,912.73 |
| 123 | $353.88 | $920.39 | $61,992.35 |
| 124 | $348.71 | $925.56 | $61,066.79 |
| 125 | $343.50 | $930.77 | $60,136.02 |
| 126 | $338.27 | $936.00 | $59,200.01 |
| 127 | $333.00 | $941.27 | $58,258.74 |
| 128 | $327.71 | $946.56 | $57,312.18 |

Exhibit C - Page 14 of 16

| | | | |
|---|---|---|---|
| 130 | $317.03 | $957.24 | $55,403.05 |
| 131 | $311.64 | $962.63 | $54,440.42 |
| 132 | $306.23 | $968.04 | $53,472.38 |
| | End of year 11 | | |
| 133 | $300.78 | $973.49 | $52,498.89 |
| 134 | $295.31 | $978.96 | $51,519.93 |
| 135 | $289.80 | $984.47 | $50,535.46 |
| 136 | $284.26 | $990.01 | $49,545.45 |
| 137 | $278.69 | $995.58 | $48,549.87 |
| 138 | $273.09 | $1,001.18 | $47,548.70 |
| 139 | $267.46 | $1,006.81 | $46,541.89 |
| 140 | $261.80 | $1,012.47 | $45,529.42 |
| 141 | $256.10 | $1,018.17 | $44,511.25 |
| 142 | $250.38 | $1,023.89 | $43,487.35 |
| 143 | $244.62 | $1,029.65 | $42,457.70 |
| 144 | $238.82 | $1,035.45 | $41,422.26 |
| | End of year 12 | | |
| 145 | $233.00 | $1,041.27 | $40,380.99 |
| 146 | $227.14 | $1,047.13 | $39,333.86 |
| 147 | $221.25 | $1,053.02 | $38,280.84 |
| 148 | $215.33 | $1,058.94 | $37,221.90 |
| 149 | $209.37 | $1,064.90 | $36,157.01 |
| 150 | $203.38 | $1,070.89 | $35,086.12 |
| 151 | $197.36 | $1,076.91 | $34,009.21 |
| 152 | $191.30 | $1,082.97 | $32,926.24 |
| 153 | $185.21 | $1,089.06 | $31,837.18 |
| 154 | $179.08 | $1,095.19 | $30,742.00 |
| 155 | $172.92 | $1,101.35 | $29,640.65 |
| 156 | $166.73 | $1,107.54 | $28,533.11 |
| | End of year 13 | | |
| 157 | $160.50 | $1,113.77 | $27,419.34 |
| 158 | $154.23 | $1,120.04 | $26,299.30 |
| 159 | $147.93 | $1,126.34 | $25,172.97 |
| 160 | $141.60 | $1,132.67 | $24,040.30 |
| 161 | $135.23 | $1,139.04 | $22,901.25 |
| 162 | $128.82 | $1,145.45 | $21,755.80 |
| 163 | $122.38 | $1,151.89 | $20,603.91 |
| 164 | $115.90 | $1,158.37 | $19,445.54 |

Exhibit C-Page 15 of 16

| | | | |
|---|---|---|---|
| 166 | $102.83 | $1,171.44 | $17,109.21 |
| 167 | $96.24 | $1,178.03 | $15,931.18 |
| 168 | $89.61 | $1,184.66 | $14,746.52 |
| End of year 14 | | | |
| 169 | $82.95 | $1,191.32 | $13,555.20 |
| 170 | $76.25 | $1,198.02 | $12,357.18 |
| 171 | $69.51 | $1,204.76 | $11,152.42 |
| 172 | $62.73 | $1,211.54 | $9,940.88 |
| 173 | $55.92 | $1,218.35 | $8,722.53 |
| 174 | $49.06 | $1,225.21 | $7,497.32 |
| 175 | $42.17 | $1,232.10 | $6,265.23 |
| 176 | $35.24 | $1,239.03 | $5,026.20 |
| 177 | $28.27 | $1,246.00 | $3,780.20 |
| 178 | $21.26 | $1,253.01 | $2,527.20 |
| 179 | $14.22 | $1,260.05 | $1,267.14 |
| 180 | $7.13 | $1,267.14 | $-0.00 |
| End of year 15 | | | |

by Calculator.net

# EXHIBIT D

**Message from Devin Bryant**

**proving loss of income on December 21, 2024 (6 days prior to signing owner finance agreement)**

Message Dated April 9, 2025

4:19

Devin...
Active 1...

APR 9 AT 11:18 AM

I thought i had your number to send you a message, but I couldn't find it.
I wanted to reach out to let you and Tracy know that we won't be able to pay the $30,000 on the house. Our mowing contract was supposed to be renewed on the 31st of December, and they informed us on the 21st that they went in a different direction despite their assurance that we had nothing to worry about.

Mes...

Exhibit D-
Page 1of 4

4:20

Devin...
Active 1...

had nothing to worry about.

That was our only source of income, and we had all of our focus on that one stream of income.

We have been fighting and clawing to stay afloat and try to find other things to do, sell, or anything else to come up with the down payment on the house. I took a job back out of state to keep our regular bills paid.

Being a month away, we are realizing its just not possible to

Mes...

Exhibit D-
Page 2 of 4

4:20 25

Devin...
Active 1...

just not possible to come up with the down payment. I hope we can work out some kind of arrangement to not have to move out, but I do realize we agreed to it.
If it does come down to yall wanting us to leave, I was hoping to at least be able to put it up for sale, that way yall get your full amount and maybe we can recoup the remodel money and possibly have some extra to start over. I really do apologize, I didn't see this path

Mes...

Exhibit D–
Page 3 of 4

4:20

Devin...
Active 1...

some kind of arrangement to not have to move out, but I do realize we agreed to it.
If it does come down to yall wanting us to leave, I was hoping to at least be able to put it up for sale, that way yall get your full amount and maybe we can recoup the remodel money and possibly have some extra to start over. I really do apologize, I didn't see this path coming. It has definitely flipped our world around on us.

Mes...

Exhibit D-
Page 4 of 4

# EXHIBIT E

## Text message to Devin regarding July rent being late

Message Dated July 29, 2025

cricket 4:22 PM

DB

Devin >

Tue, Jul 29 at 9:23 AM

July rent is 2 weeks late today. You haven't communicated with either of us since April. August 15th is only 17 days away. We need an update please.

Tue, Jul 29 at 7:16 PM

~~I have been in Texas working 7 days a week on victim recovery from the flood.~~
~~I have a check coming from that on Friday the 8th and will get yall paid. I realize August will be due right after that, but I should be able to get it paid by the 22nd to be back on track.~~
~~As far as getting this place financed, I've exhausted pretty much every option I have. Every bank wants 20-30% down since it's a mobile home, and I dont qualify for any of the FHA type stuff that low or no money~~

Text Message • RCS

Exhibit E-
Page 1 of 2

cricket 4:22 PM

DB

Devin >

Tue, Jul 29 at 7:16 PM

I have been in Texas working 7 days a week on victim recovery from the flood.
I have a check coming from that on Friday the 8th and will get yall paid. I realize August will be due right after that, but I should be able to get it paid by the 22nd to be back on track.
As far as getting this place financed, I've exhausted pretty much every option I have. Every bank wants 20-30% down since it's a mobile home, and I dont qualify for any of the FHA type stuff that low or no money down. Im still actively talking to banks and trying to do all I can. I didn't figure there was much reason to bother yall with no new news. We are just planning to live in our camper or whatever we have to do if yall sell this one.

Text Message • RCS

Exhibit E-
Page 2 of 2

# EXHIBIT F

**Text message to Devin regarding August rent**

**and 30 day notice**

Message Dated August 16, 2025

cricket 4:22 PM

DB

Devin >

Can one of you send us pictures asap for the realtor? Or we can come over tomorrow evening to take pictures?

Sat, Aug 16 at 12:49 PM

We are undecided about selling the property at this time due to recent circumstances with a family member's health. Since August 15th has passed & you weren't able to buy the property from us, this is your 30 day notice. If you are able to move out before September 15th, we will allow you to prorate August rent & pay $50 per day instead of the entire month. Please let us know when you are planning to move out. We also need the door codes since you changed the locks.

Delivered

Exhibit F

Text Message • RCS

# EXHIBIT G

**Email to Cantrell Law Firm regarding the Bryants moving out**

Email Dated October 26, 2025

SPSD

Davis, Tracy <tdavis@searcyschools.org>

## Fwd: The Bryants moved out

1 message

**Tracy Davis** <tracyrdavis13@gmail.com> Thu, Sep 24, 2026 at 8:52 AM
To: Tracy Davis <tdavis@searcyschools.org>

Moved out

---------- Forwarded message ---------
From: **Tracy Davis** <tracyrdavis13@gmail.com>
Date: Mon, Oct 27, 2025 at 11:45 AM
Subject: Re: The Bryants moved out
To: Allison Fike <allison@cantrelllawfirm.com>
CC: Chord Cantrell <chord@cantrelllawfirm.com>, Gary Davis <gdavis9269@yahoo.com>

Thank you so much for your help! I have tons of before and after pictures! We will document everything. Can we press any charges against him for taping that NO TRESPASS notice on our door?

Thanks again,

Tracy and Gary Davis

On Sun, Oct 26, 2025 at 9:25 PM Allison Fike <allison@cantrelllawfirm.com> wrote:

> Make sure you take pictures of all of that. Also start a list of what's wrong with the proof included the knee high grass. Keep dates listed with it as well of when y'all mowed and detailed time line. Make sure anything you have done or fixed that you pay for has a receipt and proof how your paid it. Documents everything and keep a paper trail.
>
> Get Outlook for iOS
>
> ---
>
> **From:** Tracy Davis <tracyrdavis13@gmail.com>
> **Sent:** Sunday, October 26, 2025 6:09:29 PM
> **To:** Allison Fike <allison@cantrelllawfirm.com>; Chord Cantrell <chord@cantrelllawfirm.com>; Gary Davis <gdavis9269@yahoo.com>
> **Subject:** The Bryants moved out
>
> You were right! They moved out on Saturday, October 25th. When we went to the property on Friday, October 24th, we had a conversation with the Ring doorbell to let them know that we are tired of them living in our home rent free when we know they have a new home that they paid over $200k for. We were extremely upset that they posted that notice on OUR door. If they broke the law, we want to file charges. Everything we read online, said they broke the law by posting that on the door of property they didn't own. We also told the Ring camera that we know he has a current lawsuit with his ex wife. He was arrested in May 2025 for being over $46k behind in child support for the past 10 years, and he is suing his ex-wife for more visitation since Child Support Enforcement is after him for back child support.
>
> Our neighbors sent us pictures of them moving the rest of their things on Saturday, October 25th. On the last video they sent us, we noticed the Ring camera and the notice taped to the door was gone. My father in law went down to the home to check, and they left the key in the door. We went today and changed the locks because the key that was left was a copy. There is still a sectional sofa in the house.
>
> Within the next few months, we want to hire you to file a lawsuit against them for back rent, expenses we incurred because we were selling the property to them, damages to the mobile home, and damages to the land. None of the improvements they made to the home were finished. There are no longer window sills on most of the windows. There

are missing doors in most rooms and insufficient baseboards. There is sheetrock mud on our rock fireplace. They painted the ceilings and got paint on the walls and just left it that way. There are light fixtures that were removed and not replaced. They also cut down trees and left them on the property. There are a few piles of things on the land that are 30 to 40 feet tall that we will have to dispose of. The HVAC system doesn't blow. We turned the heat on today to check. It seemed to get hot, but it was only blowing from a few vents. The underpinning is completely missing in some areas. Since the duct work is underneath the home, we assume it is damaged because animals have been able to freely roam under the home. We will have to hire an HVAC repairman asap.

Do we need to send them anything saying when they moved out and that they have 30 days to come get their sectional or are we good with the pictures we took?

We appreciate everything you have done, and we will be hiring you in the next few months to file a suit against them for damages and to press charges against them for anything we can. Please let us know what we need in order to gather sufficient evidence for our case. Thank you again!

Tracy and Gary Davis

Exhibit G - Page 2 of 2